HSBC Bank USA, N.A. v Rosa (2026 NY Slip Op 01188)

HSBC Bank USA, N.A. v Rosa

2026 NY Slip Op 01188

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2024-01257
 (Index No. 13988/11)

[*1]HSBC Bank USA, National Association, respondent,
vBrett Rosa, et al., defendants; September Buying Group, LLC, nonparty-appellant.

Altman Schochet LLP, New York, NY (Irena Shternfeld of counsel), for nonparty-appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty September Buying Group, LLC, appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated October 17, 2023. The order denied those branches of the motion of nonparty September Buying Group, LLC, which were to void a certain provision of a terms of sale agreement directing nonparty September Buying Group, LLC, to pay transfer taxes, recording fees, and for deed stamps in connection with the sale of the subject property and to direct a referee to pay the transfer taxes, recording fees, and for deed stamps from the proceeds of the sale of the subject property pursuant to Tax Law § 1404 and RPAPL 1354.
ORDERED that the order is affirmed, with costs.
On March 31, 2023, a judgment of foreclosure and sale was issued directing the sale of a certain property. A foreclosure sale was held on September 14, 2023, at which nonparty September Buying Group, LLC (hereinafter the purchaser), was the successful bidder. The purchaser paid the down payment and executed a terms of sale agreement.
Prior to closing, the purchaser disputed that it should be responsible for paying transfer taxes and contended that the transfer taxes should be paid out of the proceeds of the sale of the property. Thereafter, the purchaser moved, inter alia, to void the provision of the terms of sale agreement directing the purchaser to pay transfer taxes, recording fees, and for deed stamps and to direct the referee to pay the transfer taxes, recording fees, and for deed stamps from the proceeds of the sale of the property pursuant to Tax Law § 1404 and RPAPL 1354. In an order dated October 17, 2023, the Supreme Court denied those branches of the motion. The purchaser appeals.
Section 1404 of the Tax Law provides that the real estate transfer tax shall be paid by the grantor unless otherwise provided in a contract between the grantor and grantee (see Tax Law § 1404[a]). RPAPL 1354(1) provides that the referee shall pay out of the proceeds of the sale, unless otherwise directed, "the expenses of the sale." "The officer conducting the sale shall pay out of the proceeds all taxes, assessments, and water rates which are liens upon the property sold . . . . The [*2]sums necessary to make those payments . . . are deemed expenses of the sale" (id. § 1354[2]). Here, the transfer tax was not a lien against the property at the time of the sale (see id.; White Oak Projects, LLC v Upreal Wash., LLC, 224 AD3d 718, 719; Trefoil Capital Corp. v Creed Taylor, 125 Misc 2d 152, 156 [Sup Ct, New York County], revd 121 AD2d 874). Moreover, the purchaser executed the terms of sale agreement, which is a written contract between the grantor and the highest bidder, which provided that the purchaser was to pay the transfer taxes (see Tax Law § 1404[a]). Accordingly, the purchaser was obligated to pay the transfer taxes, and the Supreme Court properly denied those branches of the purchaser's motion which were to void the provision of the terms of sale agreement directing the purchaser to pay transfer taxes, recording fees, and for deed stamps and to direct the referee to pay the transfer taxes, recording fees, and for deed stamps from the proceeds of the sale of the property pursuant to Tax Law § 1404 and RPAPL 1354.
BRATHWAITE NELSON, J.P., FORD, VOUTSINAS and LOVE, JJ., concur.

2024-01257 DECISION & ORDER ON MOTION
HSBC Bank USA, National Association, respondent,
v Brett Rosa, et al., defendants; September Buying
Group, LLC, nonparty-appellant.
(Index No. 13988/11)

Appeal from an order of the Supreme Court, Kings County, dated October 17, 2023. Motion by the respondent, inter alia, to dismiss the appeal on the ground that it has been rendered academic.
By decision and order on motion of this Court dated March 12, 2025, that branch of the motion which was to dismiss the appeal on the ground that it has been rendered academic was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal on the ground that it has been rendered academic is denied.
BRATHWAITE NELSON, J.P., FORD, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court